UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

        Plaintiff,

-against-

VICTORIA FIRE AND CASUALTY
COMPANY; NATIONWIDE INSURANCE:
CAMBRIDGE INSURANCE GROUP LLC,

        Defendants.

19-CV-2782 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, proceeding *pro se* and *in forma pauperis* (IFP), brings this action under the Court's diversity jurisdiction, 28 U.S.C. § 1332, against Victoria Fire and Casualty Company and Nationwide Insurance. Plaintiff resides in the Bronx, and he alleges that Victoria Fire and Casualty Company is headquartered in Alabama, and that Nationwide Insurance is headquartered in Ohio. His claims arise out of a car accident that occurred on January 28, 2017, in Buffalo, New York. Plaintiff has filed many other cases arising out of this accident.[1] For the reasons

---

[1] Plaintiff has filed complaints against Nationwide Insurance Company and Victoria Fire & Casualty in two other courts. *See Johnson v. Abel,* No. 19-CV-2865 (EAS) (S.D. Ohio Aug. 5, 2019) (dismissing action and deeming Plaintiff a vexatious litigator); *Johnson v. Smith*, No. 19-CV-2490 (EAS) (S.D. Ohio Aug. 5, 2019) (same); *Johnson v. Coe*, No. 19-CV-2428 (EAS) (S.D. Ohio Aug. 5, 2019) (same); *Johnson v. Nationwide Ins.*, *et al.*, No. 19-CV-1130 (S.D. Ohio June 5, 2019) (dismissing action for failure to state a claim); *Johnson v. Victoria Fire & Casualty, et al.*, No. 19-CV-0154 (S.D. Ala. May 21, 2019) (dismissing action for failure to state a claim).

Plaintiff has also filed three complaints against Progressive Insurance Company. *See Johnson v. Progressive Corp. Ins. Co.,* No. 19-CV-2103 (CEH) (M.D. Fla. filed Aug. 22, 2019); *Johnson v. Progressive Corp. Ins. Co.*, No. 19-CV-0826 (SO) (N.D. Ohio July 15, 2019) (denying Plaintiff's application to proceed IFP, dismissing the action without prejudice, and granting Plaintiff 30 days to pay the filing fee and file a motion to reopen); *Johnson v. Progressive Corp. Ins. Co.,* ECF 1:19-CV-2902, 9 (S.D.N.Y. May 22, 2019) (dismissing complaint without prejudice to the action filed in the Northern District of Ohio).

discussed below, the Court transfers this action to the United States District Court for the Southern District of Ohio.

## DISCUSSION

By Order and Report and Recommendation dated July 23, 2019, Magistrate Chelsey M. Vascura of the United States District Court for the Southern District of Ohio summarized Plaintiff's history of litigating these claims in that court and others. *See Johnson v. Abel,* No. 19-CV-2865 (EAS) (S.D. Ohio July 23, 2019). Judge Vascura noted that at least ten of the actions had been dismissed for failure to state a claim. Judge Vascura concluded that Plaintiff's claims were barred by the doctrine of *res judicata* or claim preclusion, and even if that doctrine did not bar his claims, Plaintiff failed to state a claim. Also, in light of Plaintiff's vexatious history, Judge Vascura recommended that Plaintiff be barred from filing any new actions without either (a) submitting a certification from an attorney who is licensed to practice in that court or the State of Ohio, stating that there is a good faith basis for the claims Plaintiff seeks to assert; or (b) tendering a proposed complaint for review by that court prior to the actual filing of the complaint. *Id.*

By Opinion and Order dated August 5, 2019, the district judge overruled Plaintiff's objections, adopted the July 23, 2019 Report and Recommendation, and deemed Plaintiff a vexatious litigator. *See Johnson,* No. 19-CV-2865 (EAS) (S.D. Ohio Aug. 5, 2019).

It does not appear that venue is proper here.[2] Moreover, no purpose would be served by allowing Plaintiff to litigate the same claims here that he has already litigated in the Southern District of Ohio and thereby evade that court's bar order.

Accordingly, this matter is transferred to the Southern District of Ohio.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

The Clerk of Court is further directed to transfer this action to the United States District Court for the Southern District of Ohio. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

---

[2] Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 1, 2019
       New York, New York

COLLEEN McMAHON
Chief United States District Judge